No. 80-108

IN THE SURPEME COURT OF THE STATE OF MONTANA

1980

---

STATE OF MONTANA, ex rel.,
EARLENE THREE IRONS,

Petitioner and Respondent,

-vs-

DEAN CURTIS THREE IRONS,

Respondent and Appellant.

---

Appeal from:   District Court of the Thirteenth Judicial District,
In and for the County of Big Horn, The Honorable
Diane G. Barz, Judge presiding.

Counsel of Record:

For Appellant:

D. Michael Eakin, Montana Legal Services, argued,
Hardin, Montana
Steve Bunch argued, Montana Legal Services, Helena,
Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
James Seykora, County Attorney, Hardin, Montana
Deirdra Boggs argued, Missoula, Montana

For Amicus Curiae:

Michael G. Garrity, Dept. of Revenue, Helena, Montana
Lynaugh, Fitzgerald, Schoppert & Skaggs, Billings,
Montana

---

Submitted:  September 15, 1980

Decided:   DEC 19 1980

Filed:   DEC 19 1980

Thomas J. Kearney
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

This is an appeal from an order entered by the Big Horn District Court under Montana's Uniform Reciprocal Enforcement of Support Act, section 40-5-101, et seq., MCA, directing the appellant, Dean Curtiss Three Irons to make child support payments. Because the District Court did not have personal jurisdiction over Three Irons or subject matter jurisdiction over the transaction, we reverse.

Dean Curtiss Three Irons is an enrolled member of the Crow Indian Tribe and lives on the Crow Reservation. He is married to but separated from Earlene Three Irons, a Shoshone Indian from the Wind River Indian Reservation in Wyoming. They have two children, Tanya J. and Dean, Jr. The Three Irons were married September 16, 1974, in Denver, Colorado. During their marriage, they resided there and on the Crow Reservation. Earlene Three Irons has resided in Denver with the children since her separation from her husband in 1975.

In November 1975, while a resident of Colorado, Earlene Three Irons filed a petition under Colorado's URESA which was forwarded to Montana for enforcement proceedings. The Big Horn County District Court issued an order to show cause. Dean Three Irons was served with copies of the order and the petition within the boundaries of the Crow Indian Reservation. Appearing specially through counsel, Three Irons moved the District Court to dismiss for lack of personal and subject matter jurisdiction. The lower court denied the motion and ordered Three Irons to pay child support.

On appeal, the primary issues are whether the state court has personal and subject matter jurisdiction. These

-2-

issues are dispositive of the appeal and we need not consider the other issues presented for review.

This appeal is governed by our holding in State ex rel. Flammond v. Flammond (No. 80-12, Decided December 19, 1980). All of the appellant's off-reservation contacts are with the State of Colorado. None are with Montana. As in Flammond, supra, the state court had neither subject matter jurisdiction over the transaction nor in personam jurisdiction over the husband.

Under the circumstances, the only remedy open to the wife is to bring an appropriate enforcement of support proceeding in tribal court. Although the Crow Tribe has not adopted URESA, its law and order code provides alternate remedies.

The order of the District Court is vacated and the cause is dismissed for lack of personal and subject matter jurisdiction.

_____
                Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
                Justices

Mr. Justice John Conway Harrison dissenting:

I dissent.  See my dissent in State ex rel. Flammond

v. Flammond (1980), _____ Mont. _____, _____ P.2d _____

(No. 80-12, decided December 19, 1980).

_____
                 Justice